285 S.W.3d 766 (2009)
J.G. and T.G., Parents, Appellants
v.
J.C. and R.C., Uncle and Aunt, Appellees.
No. 2008-CA-001023-ME.
Court of Appeals of Kentucky.
March 27, 2009.
As Modified June 19, 2009.
Benjamin W. Hawes, Jr. Owensboro, KY, for Appellants.
No Brief Filed for Appellees.
Before STUMBO and TAYLOR, Judges; GRAVES,[1] Senior Judge.

*767 OPINION

STUMBO, Judge.[2]
J.G. and T.G. (hereinafter Parents) appeal the judgment ruling J.C. and R.C. (hereinafter Uncle and Aunt) as the de facto custodians of S.G. We find that the Uncle and Aunt did not meet the statutory requirements to be declared S.G.'s de facto custodians and that the trial court needs to make further findings of fact. We therefore reverse and remand.
S.G. was born January 3, 2006. The Parents have three other children, all of which have been previously removed from the home and reside with J.G.'s parents. Because of the previous problems that led to the removal of the three older children, social services intervened and placed S.G. with the Uncle and Aunt three days after the birth. A court order was later entered to this effect.
On January 19, 2006, the Parents filed a motion to rescind the temporary custody order and have S.G. returned to them. This order was denied on January 23. Thereafter the Parents began participating with Social Services in an attempt to regain custody of S.G.
On November 9, 2006, the Uncle and Aunt filed a Petition for Declaration of De Facto Custodian and Permanent Custody. They sought to be deemed S.G.'s de facto custodians and be awarded permanent custody of the child. After a number of hearings in front of a Domestic Relations Commissioner, the Commissioner recommended the Uncle and Aunt be deemed the de facto custodians and that they should have permanent custody of S.G. The trial court adopted the Commissioner's recommendations and entered an order accordingly.
The Parents filed exceptions to the findings and also motions to alter the court's decision and for further and more specific findings of fact. The trial court denied the motions, and found the Uncle and Aunt were the de facto custodians of S.G. and gave them permanent custody. This appeal followed.
Kentucky Revised Statute (KRS) 403.270(1)(a) states:
As used in this chapter and KRS 405.020, unless the context requires otherwise, "de facto custodian" means a person who has been shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for a period of six (6) months or more if the child is under three (3) years of age and for a period of one (1) year or more if the child is three (3) years of age or older or has been placed by the Department for Community Based Services. Any period of time after a legal proceeding has been commenced by a parent seeking to regain custody of the child shall not be included in determining whether the child has resided with the person for the required minimum period.
The Parents' primary argument is that the Uncle and Aunt were not the primary financial supporters of S.G. because they were receiving money from the state to help support S.G. However, a more simple issue here is determinative. Did the Uncle and Aunt meet the time requirement? Since S.G. was placed with the Uncle and Aunt by Social Services, S.G. must have resided with the Uncle and Aunt for one year. This issue was raised during the lower court's proceedings and in Appellant's *768 brief, but it was never addressed by the Commissioner or the trial court.
Since S.G. was placed with the Uncle and Aunt on January 6, 2006, and the petition for custody was filed November 9, 2006, the Uncle and Aunt had not met the one-year time requirement set forth by KRS 403.270(1)(a). S.G. had only been with the Uncle and Aunt for 10 months when they filed their petition. For this reason, we reverse the determination that the Uncle and Aunt were the de facto custodians of S.G. and remand for further custody proceedings.
There are other issues the Parents bring to our attention that may be relevant to new proceedings; therefore, we will address them. The trial court found that the motion to rescind the temporary custody order did not invoke the tolling aspect of KRS 403.270(1)(a) which states: "Any period of time after a legal proceeding has been commenced by a parent seeking to regain custody of the child shall not be included in determining whether the child has resided with the person for the required minimum period."
The unpublished case of Stiffey v. Curtis, 2004 WL 2486243 (Ky.App.2004) is on point.[3] In Stiffey, a previous panel of this Court specifically held that motions to terminate temporary custody orders invoke this tolling provision. Additionally, the tolling of time ends once the motion has been ruled upon. In the case at hand, only a few days passed between the filing of the motion and a ruling on it, but even so, these days do not count toward the de facto custodian time requirement.
The Parents also raise the issue of whether or not a couple can be deemed de facto custodians as opposed to a single individual. The unpublished case of Chafer v. Vaughn, 2007 WL 1207135 (Ky.App. 2007), specifically states that they can because a married couple is considered a single unit for the purposes of de facto custodianship. Our citation to unpublished cases in this opinion stems from the fact that few cases have been published dealing with de facto custodianship.
Finally, the Parents moved for additional findings of fact in accordance with CR 52.02. The Parents argued the Commissioner's recommendations were not specific enough in stating why the Uncle and Aunt met the de facto custodian statutory requirements. In their brief, the Parents ask us to remand this case for further findings because the ones propounded were vague and ambiguous. We agree. Even though we are reversing the finding that the Uncle and Aunt are de facto custodians, the findings the Parents request to be made may be useful in later proceedings. As such, we direct the lower court to make the findings requested by the Parents in their motion filed April 14, 2006.[4]
For the foregoing reasons we reverse the determination of de facto custodian status and remand for further proceedings.
ALL CONCUR.
NOTES
[1] Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.
[2] This case deals with a minor child, and as such we will refer to the parties by their initials.
[3] Kentucky Civil Rule (CR) 76.28(4)(c) allows us to consider unpublished opinions when no published opinion addresses the issue.
[4] This motion can be found on page 140 of the record.